WILLIAM J. SHEARER, JR., complainant-respondent,

*v.*

KARL SCHAFFER, defendant-appellant.

[Argued May 27th, 1931.   Decided February 1st, 1932.]

*Mr. Charles Wagner,* for the appellant.

*Mr. Adolf L. Engelke,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This case is similar to *Elizabeth Heights Realty Co.* v. *Schaffer,* decided at the present term, in the aspects of marriage of the woman notary, and the recording of the papers. No corporation is here involved: but with respect to the only tract of land affected by this appeal, out of several covered by the bill, we have the claim on the part of the complainant, and denied in point of fact by the defendant, that after service on complainant on October 15th, 1919, of notice of tax sale under the Tax act of 1903, complainant within two weeks called on defendant, the tax purchaser, said he had

·come to redeem the property and asked how much was re-
·quired, and was told that he, complainant, had no more
interest in the property,' and the only question was what he
·would take for a quit-claim deed to the tax purchaser.

The vice-chancellor intimated, in his conclusions, *ubi supra,*
·that he believed the complainant, and stated in a general
way that he was "convinced that the complainant's activities
toward effecting a redemption of the tax sale certificates in
·question, as evidenced by the proofs herein, suffice to evidence
·compliance with the requisites of the law cast upon him in
.such respect." But when we turn from this general state-
ment to the particulars of complainant's own testimony we
find that when he retired after this rebuff from defendant
in the latter part of October, 1919, having until December
14th, to learn and exercise his right of redemption, he "took
it up with his father" (who had since died) ; that in Feb-
ruary, 1925, he employed as counsel a Mr. Wolfskeil, who
threw up the case, then a Mr. Simon, who had it in charge
from April, 1925, till March, 1926; then complainant con-
·sulted an official in the comptroller's office at Newark and
they went together to the office of the city treasurer in Eliza-
beth and offered to redeem but were told that he could not
take the money. On October 19th, 1926, seven years after the
service of the notice, the original bill in this cause was filed.

The conclusions of the learned vice-chancellor do not make
it clear to us whether he rested the decree on defects in the
.affidavit of service, and in the recording, or on a finding
that complainant was fraudulently misled as to the law, or
'both. As to the former, we need add nothing to what has
been said in the *Elizabeth Heights Realty Company Case.*
The real question here is whether the decree can properly
'be sustained on the latter ground.

It may well be conceded, for present purposes, that if com-
plainant was ignorant of the tax law (which does not clearly
·appear) and believed what was said to him (which perhaps
is inferable) and was not himself negligent or lax in the
·ascertainment and enforcement of his rights within a reason-

able time, equity will relieve his technical failure to redeem within the time and in the manner provided by the statute, *i. e.*, paying in the money at the city office within sixty days after service of the notice. *Clark* v. *Clark, 55 N. J. Eq. 814; Swedesboro Loan and Building Association* v. *Gans, 65 N. J. Eq. 132; Vliet* v. *Cowenhoven, 83 N. J. Eq. 234.* But we do not think the complainant has shown himself entitled to the aid of a court of equity in this regard. He seems to have taken title to the property after it had been sold for taxes. He either knew, or was chargeable with knowledge of, the tax law, and the fact of the sale. From April, 1917, until October, 1919, he was owner of the property and apparently made no move to acquaint himself with the situation. After notice was served on him and he was repulsed by the defendant, he let the sixty days pass without any real effort to learn his rights, and it was not until over five years later that he consulted counsel as to those rights if any: and not until six years later that he filed his bill.

Courts of equity are alert to relieve against fraud, and are averse to forfeitures even for unpaid taxes; but they require that a party, even when deceived as to his legal rights, exercise some sort of diligence to ascertain and enforce them. The case at bar exhibits to us gross negligence in both particulars, disentitling complainant to any relief. The decree will be reversed with directions to dismiss the bill so far as it affects the subject-matter of the appeal.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.